RECEIVED
IN LAKE CHARLES, LA
APR 18 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20021 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| EARNEST FELICE | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM ORDER

The defendant, Earnest Felice ("Felice"), has filed a Motion to Withdraw his Guilty Plea [doc. 34]. This motion has been opposed by the Government [doc. 35].

A defendant does not have an absolute right to withdraw [his] guilty plea.[1] When requesting withdrawal before sentencing, the defendant must show "a fair and just reason" for the request.[2] When determining whether a fair and just reason has been shown, a court considers the factors set forth in *United States v. Carr*.[3] The factors include whether (1) the defendant has asserted his innocence, (2) the government would be prejudiced, (3) the defendant delayed in requesting the withdrawal, (4) the court would be substantially inconvenienced, (5) the close assistance of counsel was available, (6) the plea was knowing and voluntary, (7) the withdrawal would waste judicial resources, and "as applicable, the reason why defenses advanced later were not proffered at the time

---

[1] *United States v. Powell*, 354 F.3d 362, 370 (5th Cir.2003).

[2] Fed. R.Crim. P. 11(d)(2)(B); *Powell*, 354 F.3d at 370.

[3] 740 F.2d 339, 343-44 (5th Cir.1984).

of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion."[4] If, applying these factors, a defendant has alleged facts that would justify relief, a court must hold an evidentiary hearing on the matter.[5]

Felice entered a voluntary and knowing guilty plea to possession of child pornography; at the plea hearing, this court discussed the plea agreement, the elements of each offense, the burden of proof, and the consequences of pleading guilty. The defendant stated under oath that he understood the charges and the consequences of pleading guilty, and that he was not coerced into pleading guilty, and the defendant told Court that he was satisfied with representation. Fed.Rules Cr.Proc.Rule 11, 18 U.S.C.A.

Over six months later, the defendant has filed a motion to withdraw his plea alleging that he did not actually commit the crime and that the only reason he pleaded guilty was because of threats made against him and his family. He was allegedly threatened with additional charges if he did not plead guilty. The defendant made none of these arguments prior to the filing of this motion.

Felice has produced no evidence establishing that he was coerced into pleading guilty. On the contrary, his motion states that Attorney Mitchell Evans denies that he coerced Felice into pleading guilty. The court provided Felice with an opportunity during the plea colloquy to inform the court that he had been coerced or threatened. Instead, Felice stated that his plea was not the product of coercion. The court is permitted to make a strong presumption of truth regarding statements made by a defendant during a plea colloquy.[6]

---

[4]     *Id.* (footnotes omitted).

[5]     *Powell*, 354 F.3d at 370.

[6]     *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.1994).

Accordingly, Felice's request for a Hearing on the Motion to Withdraw the guilty plea IS DENIED and having considered the Motion,

IT IS ORDERED that the Motion to Withdraw the Guilty Plea IS DENIED. Sentencing will proceed as previously scheduled.

Lake Charles, Louisiana, this 18 day of April, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE