RECEIVED
IN LAKE CHARLES, LA
JUN - 2 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20021-001 |
| VS. | : | JUDGE MINALDI |
| EARNEST FELICE | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is the defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence (doc. 53). The Government filed an Answer (doc. 55). The defendant filed a Reply.

### PROCEDURAL HISTORY

On March 15, 2006, a federal grand jury returned a one-count indictment against the defendant, Earnest Felice ("Felice"), charging him with one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B).

On May 2, 2006, Mitchell Evans, II enrolled as counsel for the defendant. On August 31, 2006, pursuant to a written plea agreement, the defendant pleaded guilty as charged.

On December 13, 2006, the defendant filed a pro se letter in which he claimed that his attorney Evans refused to file a motion to withdraw the guilty plea. On December 13, 2006, Evans was permitted to withdraw as counsel.

On April 2, 2007, Felice, through a new attorney, Gerald Block, filed a motion to withdraw his guilty plea. (Rec. Doc. 34). On April 18, 2007, this court denied the motion to withdraw that

guilty plea. (Rec. Doc. 37).

On April 19, 2007, the defendant was sentenced to 120 months imprisonment. (Rec. Doc. 38). On April 24, 2007, the attorney filed a motion to withdraw as attorney for the defendant, which was granted. (Rec. Docs. 42, 45).

On April 3, 2008, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's conviction. (Rec. Doc. 52). The decision was issued as mandate on April 25, 2008. (Rec. Doc. 52). The defendant filed the instant motion on March 16, 2009. (Rec. Doc. 53).

## FACTS

The Stipulated Factual Basis for the Guilty Plea contains the following facts:

Felice, who was a contract employee at Fort Polk, was arrested by the Beauregard Parish Sheriff's Office on state charges on December 21, 2005. Based on information obtained from officers of the Beauregard Parish Sheriff's Office, a search warrant was issued and executed at the defendant's residence on or about December 21, 2005. During the search, police officers found a home computer with 400 images of hard core prepubescent child pornography along with a floppy disk in which the defendant had saved some images.

The defendant stipulated that all of the images were obtained from the Internet and were, therefore, transported in interstate commerce.

## LAW AND ANALYSIS

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.[1]

---

[1] *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992).

2

"A 'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) (en banc). A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Id.* at 232. The 28 U.S.C. § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.1992). The only exception to the cause and prejudice test is the "extraordinary case ... in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* Felice has repeatedly asserted actual innocence.

Actual innocence means "factual innocence, and not mere legal insufficiency." *Bousley v. United States*, 118 S.Ct. 1604, 1611(1998). To prove actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (citations and quotations omitted). The defendant attached several documents to his §2255 petition, including:

1) Two copies of what purports to be the same search warrant with the date changed. Felice asserts that the date on the search warrant was changed after the search and that no one would show him the actual warrant during the search;

2) A sworn statement by Sheila Norton attesting that she would testify that April Bowman had Felice's computer and that Bowman had motive for revenge;

3) A sworn statement by Richard Felice stating that he was to testify on behalf of his brother, but the attorney never contacted him and that Bowman had a motive for revenge;

4) A sworn statement by Roxanne Coleman stating that she was to testify on behalf of Felice, but was never contacted by his attorney; and

5) A sworn statement by Jerry Felice stating that he was to testify on behalf of the defendant, but the attorney never contacted him and that he saw Bowman at Felice's home at different times when he was not at home.

The Government argues that any claims regarding the validity of the search warrant should

have been raised earlier and because they were not, they are procedurally barred. A persuasive claim of factual innocence, however, can serve as a gateway through which a habeas petitioner's otherwise *procedurally defaulted* habeas claims may be heard on the merits in federal court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In *Schlup v. Delo,* the United States Supreme Court held that, to pass through this gateway, the petitioner bears the burden of demonstrating that "in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 315, 324 (1995). This standard has not been altered by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), when a procedural claim of actual innocence arises in an initial habeas petition.[2]

This Court is skeptical of the defendant's assertion of actual innocence, especially in light of his admissions of guilt, but the Court is reluctant to dismiss a claim of innocence that has been supported by sworn statements and that go to the heart of the Government's case without conducting an additional limited inquiry. Therefore, the Court finds that Felice has proffered at least a colorable claim of innocence, and it will grant an evidentiary hearing. The Court notes that it is interested primarily in judging the credibility of the witnesses and it does not wish to hear testimony from a parade of witnesses who have only tangential information to offer.[3] In such a hearing, the government "is not limited to the existing record to rebut any showing that petitioner might make." *Id.* at 1611-12. The government is allowed "to present any admissible evidence of petitioner's guilt

---

[2] *Jardine v. Barrier,* 2007 WL 2993918 (D. Idaho,2007); *House v. Bell,* 126 S. Ct. 2064, 2078 (2006).

[3] *See Schlup v. Delo,* 513 U.S. 298,332 (1995)(noting that the district court has the discretion "to take testimony from the few key witnesses if it deems that course advisable").

4

even if that evidence was not presented during the petitioner's plea colloquy."[4]

Felice also asserts ineffective assistance of counsel. To establish ineffective assistance of counsel requires showing both that counsel's performance was deficient and that such deficient performance prejudiced the defense.[5] Deficient performance is based on an objective standard of reasonableness, considering all the circumstances.[6] Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and judicial review is highly deferential to counsel's performance.[7]

In the context of a guilty plea, prejudice is present if there is a reasonable probability, that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial.[8] Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea.[9]

Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice.[10] The burden of proof is on a § 2255

---

[4] *Id.* at 1612.

[5] *Id.* at 687.

[6] *Id.* at 688.

[7] *Id.* at 689.

[8] *Hill v. Lockhart*, 106 S.Ct. 366 (1985); *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994).

[9] *Strickland v. Washington*, 466 U.S. 668 (1984) ; United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983).

[10] *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

petitioner to prove his allegations. The defendant has introduced no evidence that this court did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure, requiring that "the court... shall not accept the (guilty) plea without first determining that the plea is made voluntarily with understanding of the nature of the charge.[11] The defendant has not established that his alleged ineffective assistance of counsel resulted in an involuntary guilty plea.

This court has reviewed the voluntariness of the defendant's plea and found that the plea was, in fact, voluntary. This finding was affirmed by the Fifth Circuit on direct appeal. Reconsideration of this issue is foreclosed by the "doctrine of law of the case." Under that doctrine the court applies a rule of law enunciated by the court to the same issues in subsequent proceedings and appeals in the same case.[12]

Felice argues that his counsel was ineffective because he did not file a Motion to Suppress and challenge the underlying search warrant. The filing of pretrial motions is considered as trial strategy.[13] Decisions by counsel concerning strategy are considered with great deference.[14]

Felice also argues that his attorney was ineffective for failing to interview witnesses that he had identified. *Strickland* counsels that attorneys have a "duty to make reasonable investigations" regarding whether admissible evidence exists.[15] In evaluating attorneys' judgments as to whether to

---

[11] *Munich v. United States*, 337 F.2d 356 (9th Cir. 1964); *Domenica v. United States*, 292 F.2d 483 (1st Cir. 1961).

[12] *United States v. McClain*, 593 F.2d 658, 664 ( 5th Cir., 1979).

[13] *Murray v. Maggio*, 736 F.2d at 283.

[14] *Strickland*, 104 S.Ct. at 2065-66;. *Maggio*, 736 F.2d at 282; *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985).

[15] 466 U.S. at 691.

pursue evidence, courts must consider "whether the known evidence would lead a reasonable attorney to investigate further."[16] We apply a "heavy measure of deference to [an attorney's] judgments" as to whether additional evidence may be adduced by further investigation.[17] "If the decision not to investigate beyond a certain point is reasonable, then the failure to do so cannot constitute ineffective assistance of counsel."[18] There is no evidence that Felice's attorney interviewed witnesses or conducted any investigation. In fact, the evidence currently before the court indicates otherwise. Felice has made a showing through the sworn statements of the substance of the testimony by these witnesses. Felice has not, however, showed that these witnesses would have been likely to make any difference in his trial or sentencing.[19] Based upon the submissions by the defendant, a hearing on this issue is also warranted.

Assuming *arguendo* that Felice can show that counsel performed deficiently under *Strickland* by not interviewing his witnesses, he must still establish that the deficient performance prejudiced his defense.[20]

Accordingly, for the reasons stated herein, a ruling on the defendant's §2255 motion will be

---

[16] *Wiggins v. Smith*, 539 U.S. 510, 527 (2003).

[17] *Id.*

[18] *Stenson v. Lambert*, 2007 WL 2782551, *14 (9th Cir., 2007).

[19] *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

[20] *Mullins*, 315 F.3d at 456.

deferred until after the evidentiary hearing.

Lake Charles, Louisiana, this 27 day of May, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

8