UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 1:06-CR-20021 |
| VERSUS | JUDGE JAMES |
| EARNEST FELICE | MAGISTRATE JUDGE PEREZ-MONTES |

### *DE NOVO* REPORT AND RECOMMENDATION

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Earnest Felice ("Felice") (Doc. 95). Because Felice failed to seek and obtain authorization from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 motion, his § 2255 motion (Doc. 95) should be dismissed without prejudice.

I.  Background

Felice was convicted in 2006, pursuant to a guilty plea entered in the Lake Charles Division of the United States District Court for the Western District of Louisiana, on one count of possession of child pornography (Doc. 27). Felice was sentenced to 10 years of imprisonment (Doc. 41). Before sentencing, Felice filed a Motion to Withdraw Plea of Guilty (Doc. 34), which was denied (Docs. 37, 52). See United States v. Felice, 2007 WL 1169233 (W.D. La. 2007), aff'd, 272 Fed. Appx. 393 (5th Cir. 2008).

Felice filed his first § 2255 motion in March 2009 (Doc. 53), alleging he had ineffective assistance of counsel (Doc. 57).[1]  The Court scheduled an evidentiary hearing (Doc. 57), and appointed the Federal Public Defender to represent Felice (Doc. 60).  The evidentiary hearing was held in November 2009, and Felice's § 2255 motion was denied (Doc. 79).

Felice filed a second § 2255 motion in March 2011 (Doc. 93).  The motion was denied as successive and because Felice had failed to seek and obtain authorization to file it from the Fifth Circuit (Doc. 93).

Felice filed a third § 2255 motion in January 2018 (Doc. 95).  A Report and Recommendation was issued, recommending the motion be denied as successive and filed without the Fifth Circuit's authorization (Doc. 97).

The case was subsequently reassigned (Doc. 102).  The § 2255 motion was referred to the undersigned for a *de novo* review (Doc. 103).

Felice raises the following grounds for relief in his § 2255 motion (Doc. 95):

1. A warrantless, illegal, and unconstitutional search and seizure was conducted.

2. All evidence obtained by the United States Attorney is "fruit of the poisonous tree" and inadmissible.

---

[1] Felice was initially represented by Mitchel Evans II.  Under Evans's guidance, Felice entered a guilty plea (Doc. 27).  However, Felice immediately complained that Evans had coerced him into pleading guilty.  Felice moved for new appointed counsel and to withdraw his guilty plea (Docs. 30, 31, 34).  New counsel was appointed (Doc. 31), but the motion to withdraw the guilty plea was denied (Doc. 37).  In his § 2255 motion, Felice presented several affidavits from witnesses who attested that an April Bowman had the means, motive, and opportunity to download child pornography onto his computer for the purpose of revenge against Felice (Doc. 53).  Those witnesses also attested that Attorney Evans never contacted them (Doc. 53).

In 2016, Mitchel M. Evans II was suspended from the practice of law for three years due to findings of incompetent representation in several other matters.  See *In re* Evans, 2016-B-1115, 2016-B-1213 2016 WL 7118909 (La. 12/6/16), 218 So.3d 1015.

3. The "harmless error" ruling concerning the falsified, altered search warrant, in an effort to cover up a constitutional rights violation, is error in light of previous United States Supreme Court rulings.

4. The use by the United States Attorney of the falsified search warrant led to erroneous information being presented to a federal grand jury on an incorrect bill of information which yielded a tainted indictment.

5. Movant's attorney, Mitchel Evans II, provided ineffective assistance of counsel.

6. The plea of guilty was unlawfully induced through perceived threats conveyed by movant's attorney, Mitchel Evans II, of possible retaliatory acts against members of movant's family.

7. Rulings from the District Judge were suspect due to a medical diagnosis of "severe Wernike-Korsakoff Syndrome."

## II. Law and Analysis

Felice did not seek authorization from the Fifth Circuit to file a successive § 2255 motion.

Section 2255(h) states:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order to file a second or successive application[2] with the district court, 28 U.S.C. § 2244(b)(3) provides that an applicant must *first* obtain authorization and certification from the court of appeals.

Section 2244(b)(3)(A) provides the certification procedure: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals for an order authorizing the district court to consider the application*." (Emphasis added). The Fifth Circuit may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of 2244(b). See 28 U.S.C. § 2244(b)(3)(C). That determination, and certification, is made by a three-judge panel of the court of appeals before the successive motion is filed in a district court. See §§ 28 U.S.C. § 2255(h); 2244(b)(3)(B).

Therefore, to be successful, Felice's motion for authorization and certification must make a prima facie showing that either (1) his claim relies on a new rule a constitutional law that was made retroactive by the United States Supreme Court and was previously unavailable, or (2) the factual predicate for the claim could not have been discovered previously through due diligence, and the underlying facts, if proved by clear and convincing evidence, would be sufficient to establish that a

---

[2] The bar on a second or successive petition applies to a later-in-time petition that challenges the same judgement imposing the same sentence as an earlier-in-time petition. See Burton v. Stewart, 549 U.S. 147, 156 (2007).

reasonable trier of fact would not have found the applicant guilty of the underlying offense.  See 28 U.S.C. § 2255(h).

Petitioner has not sought and obtained permission from the Fifth Circuit to file his successive 2255 motion.

Because the Fifth Circuit has not issued an order authorizing this Court to consider Felice's third § 2255 motion, the Court lacks subject matter jurisdiction to consider the motion.  Therefore, Felice's successive § 2255 motion should be dismissed without prejudice.

## III. Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Felice's § 2255 Motion (Doc. 95) be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.  No other briefs (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within**

fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this __25th__ day of July, 2018.

                                                                    _____
                                                                    Joseph H.L. Perez-Montes
                                                                    United States Magistrate Judge