UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 2:06-CR-20021-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| EARNEST FELICE | MAG. JUDGE PEREZ-MONTES |

## RULING

Before the Court is a Report and Recommendation of the Magistrate Judge, and the objections thereto filed by Petitioner Earnest Felice ("Felice"). [Doc. Nos. 106, 109]. The Magistrate Judge recommends dismissing Felice's motion for post-conviction relief (which the Magistrate Judge construes as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255) on the basis that it is a successive § 2255 motion filed without prior authorization from the Fifth Circuit. After an independent review of the record, and having determined the Magistrate Judge's findings and recommendation are correct under the applicable law, the Court hereby adopts the findings and recommendation of the Magistrate Judge, as supplemented in this Ruling, and Felice's motion for post-conviction relief is **DENIED and DISMISSED WITHOUT PREJUDICE**.

I.      Factual and Procedural Background

On August 31, 2006, pursuant to a plea agreement, Felice was convicted of one count of possession of child pornography in the Lake Charles Division of the United States District Court for the Western District of Louisiana. [Doc. Nos. 26, 27]. On April 2, 2007, Felice filed a motion

to withdraw his guilty plea, which the court denied.[1] [Doc. Nos. 34, 37] On April 19, 2007, the court sentenced Felice to a 120 month term of imprisonment. [Doc. No. 41].

On March 16, 2009, Felice filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 53]. In that motion, Felice alleged: (1) he was convicted based upon evidence obtained in violation of the Fourth Amendment to the U.S. Constitution; (2) he received ineffective assistance of counsel; (3) his guilty plea was unlawfully induced; and (4) new evidence supported his claim of innocence. *Id.* The court set an evidentiary hearing and appointed the Federal Public Defender to represent Felice. [Doc. No. 60]. Following the evidentiary hearing held on November 5, 2009, the court orally denied Felice's § 2255 motion. [Doc. Nos. 79, 87].

On March 21, 2011, Felice filed a second § 2255 motion, again arguing his conviction was based on evidence obtained in violation of the Fourth Amendment. [Doc. No. 92]. On March 29, 2011, the court denied the motion on the grounds that it was a successive § 2255 motion filed without prior authorization from the Fifth Circuit. [Doc. No. 93].

On January 8, 2018, Felice filed the pending document, entitled "Motion," wherein he asserts the following grounds for relief:

1. A warrantless, illegal, and unconstitutional search and seizure.

2. All evidence obtained by the United States Attorney is the "fruit of the poison tree" and inadmissible in a court of law.

3. The "harmless error" ruling concerning the falsified, altered search warrant, in an effort to cover up a constitutional rights violation, is in error in light of previous United States Supreme Court rulings.

4. The use by the United States Attorney of the falsified search warrant led to erroneous information being presented to a federal grand jury on an incorrect bill of information which yielded a tainted indictment.

---

[1] The denial of Felice's motion to withdraw his guilty plea was subsequently affirmed by the Fifth Circuit. *United States v. Felice*, 272 Fed.Appx. 393 (5th Cir. 2008).

5. Movant's attorney, Mitchel Evans II's ineffective assistance of counsel.

6. The plea of guilty being unlawfully induced through perceived threats conveyed by movant's attorney, Mitchel Evans II (since disbarred) of possible retaliatory acts against members of movant's family.

7. Rulings from Judge Patricia Minaldi having become suspect due to a medical diagnosis of "Severe Wernike-Korsakoff Syndrome".[2]

[Doc. No. 95 at 2-3].

The Magistrate Judge recommends the motion be construed as a third § 2255 motion, and that the motion be denied on the basis that "the Court lacks subject matter jurisdiction to consider the motion," because the petitioner has not obtained authorization from the Fifth Circuit to file a successive § 2255 motion. [Doc. No. 106 at 5]. Felice has filed an objection to the Report and Recommendation. [Doc. No. 109]. Therein, Felice states he was unaware the Court would construe the motion as a successive § 2255 motion. According to Felice, he was "under the belief that a 2255 motion was only for use by an inmate <u>in federal custody</u>," due to language in the § 2255 motion form stating it is for "… use by an inmate in federal custody." *Id.* at 1. Felice states he is not in federal custody, and therefore he believed he was filing "a new, independent, open motion."[3] *Id.* Felice argues the Court should overlook this "harmless procedural step" and rule on the merits. *Id.* at 2.

---

[2] As set forth above, all of the issues raised in this motion were raised in prior § 2255 motions with the exception of Felice's argument regarding the trial judge's disability. The Court notes Felice provides no evidence indicating the trial judge was disabled at the time of his conviction and sentencing, which occurred more than ten years ago. Additionally, Felice does not identify the rulings he would challenge based upon the alleged disability, nor does he point to any potential error with regard to same.

[3] Felice's signature block indicates he is currently in state custody. The Court verified petitioner is in state custody by calling the Louisiana Department of Corrections Offender Locator Service.

## II. Applicable Law and Analysis

28 U.S.C. § 2255 is the "primary means of collaterally attacking a federal sentence." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A petition which attacks "errors that occur at trial or sentencing is properly construed under § 2255." *Id.* at 877-78. Jurisdiction to entertain a section 2255 motion requires that the petitioner be "in custody under sentence of a court established by Act of Congress. . . ." 28 U.S.C. § 2255(a); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from prisoners who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'") (quoting 28 U.S.C. § 2241(c)(3)); *U.S. v. Escogbue*, 357 F.3d 532, 534 (5th Cir. 2004) ("*Maleng*'s analysis applies equally when a movant is no longer in federal custody for the purpose of § 2255 relief where the sentence imposed for that conviction has expired."). The Supreme Court has "very liberally construed the 'in custody' requirement for purposes of federal habeas." *Maleng* at 491. When the sentence imposed for a conviction has *fully* expired, a petitioner is no longer in custody. *Id.* at 490-91; *Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000) ("Usually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction."). Where a petitioner has finished serving his term of imprisonment, but has not yet served his term of supervised release, he remains "in custody." *See e.g. Ojo v. I.N.S.*, 106 F.3d 680, 681 n.2 (5th Cir. 1997) (petitioner who had completed his prison term and was within his three-year term of supervised release was "in custody" for habeas purposes); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (where petitioner was serving his term of supervised release, habeas petition was not moot because the district court might alter the period of supervised release if the court determined petitioner had served excess prison time).

In this matter, Felice has finished serving his term of imprisonment for his federal offense but has not yet begun serving his term of supervised release.[4] Felice therefore remains "in custody" for purposes of 28 U.S.C. § 2255. Because the instant § 2255 motion is successive, the Court does not have jurisdiction to consider the merits of Felice's claim.[5] *U.S. v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

## III. Conclusion

For the reasons set forth in the Report and Recommendation of the Magistrate Judge as supplemented herein, and after a de novo review of the record, including the objections filed by Petitioner, and having determined that the findings and recommendation are correct under the applicable law;

**IT IS ORDERED** that Felice's § 2255 Motion [Doc. No. 95] is **DISMISSED WITHOUT PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. *See also Resendiz v. Quarterman*, 454 F.3d 456, 458 (5th Cir. 2006) ("dismissal of a motion on the ground that it is an unauthorized successive collateral attack constitutes a final order within the scope of 28 U.S.C. § 2253(c), and therefore a certificate of appealability is required"). In this matter, the Court **DENIES** a certificate of appealability, because

---

[4] Felice was released from the custody of the Bureau of Prisons on November 20, 2015. *See* https://www.bop.gov/inmateloc/ (last visited Sep. 4, 2018). He is currently incarcerated pursuant to convictions in state court and is scheduled to be released on October 7, 2030. (Louisiana Department of Corrections–Offender Locator Service). Once released from state custody, supervised release for his federal conviction will commence.

[5] A petition is successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *U.S. States v. Fulton*, 780 F.3d 683, 685 (5th Cir.2015) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). An application for habeas relief filed after a previous application was fully adjudicated on the merits is a successive application for habeas relief, even if it contains claims never before raised. *Graham v. Johnson*, 168 F.3d 762, 773 n.7 (5th Cir. 1999).

Felice has failed to demonstrate a substantial showing of the denial of a constitutional right.[6] 28 U.S.C. § 2253(c)(2).

**SIGNED** this 5th day of September, 2018 at Monroe, Louisiana.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[6] Where the court denies a certificate of appealability, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11, Rules Governing § 2255 Proceedings.